■ In the Matter of GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JEFFREY WARD, Respondent, v DAWN WARD, Appellant. [815 NYS2d 297]—

Crew III, J. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered February 18, 2005, which granted petitioner's application, in a proceeding pursuant

to Family Ct Act article 4, to direct respondent to pay child support.

Respondent, who was divorced in 1999, sought to adopt a child with special needs and did so in June 2002. While the child's physical and psychological disabilities initially showed some improvement, by June 2003 the child's behavior had deteriorated to such an extent that respondent was unable to cope with the situation. As a consequence, respondent sought and obtained a judicial surrender of the child.

Petitioner thereafter commenced the instant proceeding seeking an order of support for the child. Following a hearing, the support magistrate issued findings of fact and granted petitioner's application, concluding that respondent, as the child's adoptive parent, was liable for his support. Respondent entered objections to the order of the support magistrate, which were denied by Family Court. Respondent now appeals.

Family Ct Act § 413 provides, in pertinent part, that "the parents of a child under the age of [21] years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, shall be required to pay for child support a fair and reasonable sum as the court may determine" (Family Ct Act § 413 [1] [a]). A "parent," in turn, is defined as "an individual who is the biological parent, stepparent or adoptive parent of a child" (18 NYCRR 422.1 [a]). Social Services Law § 398 (6) (f) provides a narrow exception to the mandate set forth in Family Ct Act § 413, stating that "the acceptance by the social services official of a surrender of a child born out of wedlock from the mother or father of such child shall relieve the parent executing such surrender from any and all liability for the support of such child." Respondent contends that because she is unwed and the child here was born out of wedlock, she should be relieved of her child support obligation under the terms of Social Services Law § 398 (6) (f). We disagree.

The plain language of Social Services Law § 398 (6) (f) makes clear that the exception to a parent's obligation of support applies to children born out of wedlock and surrendered by the mother or father of such children. And while Social Services Law § 398 (6) (f) admittedly does not so expressly state, it is evident from both the use of the phrase "the mother or father" and the context in which such phrase is employed that "the parent executing such surrender" refers to the "biological parent" and not the sweeping definition of "parent" contained in 18 NYCRR 422.1 (a). Such interpretation is supported by the legislative history underlying Social Services Law § 398 (6) (f),

which demonstrates that the obvious purpose of such exception is to relieve young parents of their support obligations at a time when they are likely to be both financially and emotionally unprepared for the task of parenthood. Indeed, in response to an inquiry from the Governor's Counsel as to his opinion of the very provision in question, the then Commissioner of Social Welfare indicated his approval of the cited exception as "an act of simple justice and as a means of alleviating the emotional tension induced by [the mother's] unfortunate experience" (Letter from State Social Welfare Dept, Mar. 29, 1955, at 1, Bill Jacket, L 1955, ch 350). Had the Legislature wished to extend the exception set forth in Social Services Law § 398 (6) (f) beyond the biological parents of a child born out of wedlock, it would have so stated.

Simply put, even accepting that respondent is the parent of a child who was born out of wedlock, the fact nonetheless remains that the child in question was not born out of wedlock to her and, accordingly, she cannot stand in the shoes of the child's biological mother in an effort to avoid the support obligation imposed upon her by Family Ct Act § 413. As respondent is the child's adoptive parent, as opposed to his biological parent, she remains liable for the child's support under Family Ct Act § 413 until such time as he is subsequently adopted, and she cannot avail herself of the narrow exception set forth in Social Services Law § 398 (6) (f). To the extent that it may be argued that the statute creates a disincentive for individuals to adopt children, particularly those with physical or emotional challenges, we need note only that the remedy for any perceived inequity in this regard lies with the Legislature. We have considered respondent's remaining contentions and find them equally unavailing.

Cardona, P.J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.